### W. T. WAGGONER v. A. H. SNEED.

Decided January 16, 1909.

**1.—Jury—Sickness of Juror—Talesmen—Statute Construed.**

When, after a jury has been empaneled in a District Court but before the trial commences, one of the jurors becomes disabled by sickness from serving on the jury, the court has the power and it is its duty to require the parties to proceed to trial before the eleven jurors. There is no statutory authority for summoning talesmen to fill the panel in such case. Arts. 3221, 3224 and 3229, Rev. Stats., construed.

**2.—Trial—Requested Charge—Practice.**

When a party requests a number of special charges upon a certain group of facts, it is not incumbent upon the trial judge to select from among them the one most favorable to the party requesting such charges; the giving of any one of said charges would deprive the party of the right to complain of the refusal of the others, and this, though the charge given may be less favorable than said party would be entitled to on said phase of the case.

**3.—Master and Servant—Personal Injury—Warning by Master.**

When, in a suit for damages for personal injuries, it appeared from the evidence that defendant's foreman warned the plaintiff in time for him to have removed his hand from the place of danger, and the plaintiff heard but failed to obey such warning and was injured, the court should instruct the jury that such warning would be a complete defense to plaintiff's suit.

**4.—Charge—Submission of Issue—Undue Prominence.**

In an action for damages for personal injuries the court should not submit by separate charges the same group of facts as assumed risk and contributory negligence. By so doing undue prominence would be given to said facts.

**5.—Master and Servant—Defective Appliances—Charge.**

A servant is not required to exercise diligence to discover defects in appliances furnished by the master. Charge considered, and held subject to this objection.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*R. W. Hall, Marshall Spoonts* and *Stephens & Miller,* for appellant. —It is error for the court to fill the jury by talesmen after a complete jury has been obtained and one of them has been excused because of sickness; and therefore the court should have granted the

motion for new trial herein, because, after excusing one of the jurors regularly selected, he filled the panel with a talesman. Rev. Stats., 1895, arts. 3221, 3224; Mitchell v. Mitchell, 80 Texas, 110-111.

Where one member of a completed jury has been excused by the court because of sickness the trial should proceed with eleven jurors. Rev. Stats., 1895, art. 3229; Gray v. Freeman, 84 S. W., 1110; Tram Lumber Co. v. Hancock, 70 Texas, 312.

If the defendant's vice principal, Slaughter, warned plaintiff of the impending danger due to the breaking of the rope whereby the press cylinder was suspended, in time for plaintiff to have withdrawn his hand from the place of danger and of the threatened injury, and plaintiff failed so to do, then he assumed the risk of the breaking of said rope, even though it was defective, and defendant was guilty of negligence in using it, and plaintiff could not avoid such assumed risk "by proof that he had acted as a reasonably prudent person in the assumption of the risk." F. Worth & R. G. Ry. Co. v. Robinson, 84 S. W., 410; Texas & Pac. Ry. Co. v. Bryant, 27 S. W., 825; Missouri, K. & T. Ry. Co. v. Wood, 35 S. W., 879; Ft. Worth & D. C. Ry. Co. v. Ramp, 70 S. W., 568; St. Louis S. W. Ry. Co. v. Brisco, 100 Texas, 354; Texas & Pac. Ry. Co. v. Bradford, 66 Texas, 732.

If a person of ordinary prudence, situated as plaintiff was, would have discovered the defective condition of the rope by which the press cylinder was suspended, and plaintiff failed to do so, and such failure directly and proximately contributed to his injury, then plaintiff was guilty of such contributory negligence as will preclude his recovery for the injury complained of. O'Brien v. Ry. Co., 82 S. W., 319; Galveston, H. & S. A. Ry. Co. v. Walker, 85 S. W., 28; Missouri Pac. Ry. Co. v. Somers, 71 Texas, 700; Wachsmuth v. Shaw, 76 N. W., 498; La Pierre v. Ry. Co., 58 N. W., 60; Miller v. Ry. Co., 47 N. Y. Supp., 285.

*McLean & Carlock,* for appellee.—The court had the authority under the statute to excuse the juror, Brothers, from the panel, after the jury had been selected and sworn, on account of the fact that the said juror had become incapacitated from performing jury service on account of sickness, this fact having been made known to the court by affidavit of the deputy sheriff, and being further conclusively established by the affidavit of the juror setting forth such sickness in detail, filed among the papers in this case, subsequent to the trial. In a matter of this kind the court is warranted in acting upon the representations of a credible witness or person touching the question of the juror's sickness or incapacity to serve as a juror. Houston City Street Railway v. Ross, 28 S. W., 255; Texas & Pac. Ry. Co. v. Taylor, 2 Texas Appeal Cases, 416.

The action of the court under the circumstances in this case, in completing the panel after the said juryman, Brothers, had failed to appear because of sickness, was correct; in any event the appellant is estopped from questioning the correctness of said action of the trial court, because it affirmatively appears from the stenographer's report of what occurred with reference to this matter, which is attached to

and made a part of the bill of exception, that before any action was taken by the court with reference to this matter, and after the court had been advised by the deputy sheriff of the sickness of the said juryman and of his absence from the jury box, that he thereupon stated to counsel for the defendant, in open court, in substance, that he would give them the choice of three methods of procedure—first, either allow them to retrace their challenges and strike again; or, second, send out and get talesmen to complete the panel; or, third, act under the regular statutory provision with regard to excusing a sick juror; and that after this proposition was made by the court to counsel for the defendant, that they thereupon withdrew to an adjoining room for consultation, and after advising among themselves for a few minutes, reported back to the court that their preference was to have "a full jury," or, in the language of Mr. Spoonts, the spokesman of the attorneys for the defendant, advised the court, "We would rather have a full jury," and that thereupon and in conformity with the said choice or election of the defendant, the court proceeded to fill up the panel by the selection of the additional juryman complained of, to wit, C. B. Law; that a fair construction of what occurred with reference to this matter shows an acquiescence on the part of the defendant in the method pursued by the court with reference to filling up the panel with the additional juryman, Law, to take the place of the sick juror, Brothers, and hence, the appellant can not now complain of said action. Moore v. Dunn, 16 Texas Civ. App., 374; 24 Cyc., 368-9; Silsby v. Foote, 14 Howard, 218 (14 L. Ed., 394); Byers v. State, 16 Southern, 716 (105 Ala., 31); State v. Moncla, 2 Southern (La.), 815; Pannell v. State, 29 Ga., 681; McGuire v. State, 37 Miss., 369; Dorman v. State, 37 Southern, 561; Greer v. Norvill, 3 Hill (S. C.), 262; 31 Cent. Digest, sec. 635.

The servant does not assume the risks arising from the failure of the master to do his duty, unless he knows of the failure and the attendant risks, or in the ordinary discharge of his own duty must necessarily have acquired such knowledge. Missouri, K. & T. Ry. v. Milam, 20 Texas Civ. App., 696; Missouri, K. & T. Ry. v. Hannig, 91 Texas, 350; Bonnet v. Railway, 89 Texas, 72; Peck v. Peck, 99 Texas, 14; Missouri, K. & T. Ry. Co. v. Adams, 42 Texas Civ. App., 277; Texas & N. O. Ry. Co. v. Kelly, 98 Texas, 137; Texas & N. O. Ry. v. Jackson, 113 S. W., 630; Texas & N. O. Ry. v. Middleton, 103 S. W., 206.

Where a knowledge of the danger is brought home to the servant practically simultaneous with the happening of the accident, the case becomes one of contributory negligence rather than of assumed risk, or, in any event, the defenses become so nearly identical that the court is authorized to treat the case as one of contributory negligence.

SPEER, ASSOCIATE JUSTICE.—This is a personal injury suit instituted by appellee against appellant in which there was judgment for the plaintiff in the sum of ten thousand dollars, and the defendant has appealed.

The question of first importance in the case is one of practice, arising on the court's ruling in causing talesmen to be summoned to fill

the panel, which had been broken by the sickness of one of the jurors regularly selected. The matter is so clearly presented by appellant's bill of exceptions that we venture to quote at length from the bill itself:

"The above styled and numbered cause was regularly reached and called for trial on, to wit, Monday, October 28, A. D. 1907, and thereupon both parties announced ready for trial, and there was at the time of said announcement of ready for trial in attendance upon said court twelve jurors, who had been regularly selected in accordance with law for jury service in said court for week beginning Monday, October 28, 1907, whose names are as follows, to wit: Leo Pittman, B. R. Owens, W. G. Ballinger, W. N. Shoffit, T. M. Mallory, M. A. Jernigan, F. O. Freeman, D. C. Curtis, J. R. Brothers, S. J. Lotsputch and J. H. Walker, and thereupon the court directed the deputy sheriff waiting upon said court to summon a sufficient number of persons qualified for jury service as talesmen and complete said panel, and in obedience to said direction and order of the court, said deputy sheriff summoned nine persons possessing the qualifications of jurors as talesmen, whose names are as follows; J. W. Burton, John Behrens, Bert Betchel, J. W. Sherley, C. L. Bandy, Ben Waggoman, J. G. Bewley, J. S. McDonough and J. C. Pliant. None of the twenty-one persons, whose names are above mentioned disqualified, and thereupon the defendant requested the court to require the panel to be filled with twenty-four qualified jurors, before he was required to exercise peremptory challenges, but the court refused said request, and compelled the parties to exercise such peremptory challenges as they desired to make without the panel of jurors being filled and completed, to which action of the court the defendant then and there in open court excepted, and in obedience to the direction of the court the defendant exercised his right of peremptory challenge, and challenged six of said persons, who were objectionable to him as jurors and whose names are as follows, to wit: M. A. Jernigan, S. J. Lotsputch, J. M. Trammill, J. H. Walker, C. L. Bandy and J. C. Pliant, and thereby defendant exhausted all of his peremptory challenges, the plaintiff used only three of his peremptory challenges in striking said panel of twenty-one jurors and from said panel a full jury of twelve persons possessing the qualifications of jurors were selected to try the above styled and numbered cause, whose names are as follows, to wit: B. R. Owens, W. G. Ballinger, W. N. Shoffit, T. N. Mallory, D. C. Curtis, J. P. Brothers, J. W. Burton, John Behrens, Bert Bechtel, J. N. Sherley, J. G. Bewley, and J. S. McDonough, and the above twelve named persons were regularly sworn as required by law to try the said cause, and were regularly, duly and properly empaneled as jurors in said cause; thereupon the plaintiff read to the jury his pleadings, consisting of his first amended petition and his trial amendment, and the defendant read to the jury his first amended answer, to which said pleadings the parties announced ready for trial and on which they went to trial and on which this cause was tried. At the time the pleadings of the parties were presented to the jury as above set out, the regular time for the adjournment of this court for that day, to wit,

October 28, 1907, had arrived, and thereupon the court, after properly instructing said jurors, permitted them to disperse for the night with directions to them to return to said court at 9 o'clock a. m. on the succeeding day, to wit, October 29, 1907.

"At 9 o'clock a. m. Tuesday, October 29, 1907, all of said jurors appeared in said court to serve upon the trial of this case, but the Hon. M. E. Smith, judge of this court, being unavoidably detained by private business, was unable to appear, and by reason thereof said jurors were excused from further attendance until 9 o'clock a. m. on Wednesday, October 30, 1907, at which time they were directed by the sheriff to appear so that the trial of this cause might proceed before them.

"On Wednesday, October 30, 1907, all of said jurors who had been so selected to try the issues of fact appeared except J. R. Brothers, who failed to appear, and the deputy sheriff, waiting on the District Court of the 17th Judicial District of Texas, informed the court that said juror, J. R. Brothers, had told him on the day before that he was suffering from rheumatism and wanted to be excused from the jury, as set out in Exhibit 'A,' hereto attached, but the defendant refused to agree that said juror might be excused from jury service in this cause. Thereupon the court asked counsel for the defendant if they were willing to proceed with the trial of the case with the eleven jurors who appeared at said time, and the defendant and his counsel declined and refused to proceed to trial with said eleven jurors and demanded a trial before the said jurors who had been theretofore selected by the parties for the trial of this cause, and refused to consent or agree to excuse the said absent juror, J. R. Brothers, or to try this cause with a less number than twelve jurors or to try said cause before any other jurors than the said twelve who had been so selected. Thereupon the court directed the deputy sheriff waiting upon said court to summon three other talesmen, and the deputy sheriff in obedience to said direction and order of said court summoned three persons possessing qualifications of jurors as talesmen, whose names are as follows, to wit: G. P. James, T. D. James and C. B. Law, and the said three persons last hereinabove mentioned appeared as jurors and qualified as possessing the qualifications for jurors under the law, and thereupon by directions of the court their names were added to the said lists which had theretofore been furnished to the parties and the parties hereto were required to select from said three names, the twelfth juror for the trial of this cause to serve in the place of J. R. Brothers, who failed to appear on said day. The defendant had exhausted his peremptory challenges. The juror C. B. Law was objectionable to the defendant because the defendant believed that said juror would be inclined to find a verdict for the plaintiff and that he would be in favor of assessing damages for the plaintiff at a very high amount, but the defendant having exhausted his six peremptory challenges on the persons hereinabove named, who were particularly objectionable to him, was not allowed to challenge the said C. B. Law, and the plaintiff having left two peremptory challenges, exercised them in peremptorily challenging G. P. James and T. D. James, leaving said

Law as the twelfth juror to serve in the place of J. R. Brothers. The objections to the man Law were personal objections of counsel of defendant and not made known to the court, because said Law properly qualified as a juror on his *voir dire.*

"At the time the court directed the said deputy sheriff to summon said last named three persons as talesmen, the defendant objected thereto upon the ground that it had not been shown to the court that the juror, J. R. Brothers was dead or disabled, and upon the ground that under the circumstances hereinabove shown, the court had no authority to cause other jurors to be summoned or to fill the panel. When said jurors were tendered to the defendant, the defendant then and there in open court objected to them, because it had not been shown that the juror J. R. Brothers was dead or disabled; that under the circumstances hereinabove set out there was no authority vested in the court to require the defendant to accept as a juror either of the said three last named persons, but the court overruled said objection and required the defendant to proceed as has been hereinabove shown, to which action of the court the defendant then and there in open court excepted."

The jury as thus completed returned a verdict against appellant in the sum of twelve thousand five hundred dollars, but which sum was subsequently reduced by a remittitur filed at the instance of the trial court to the amount above named.

Article 3221 of the Revised Statutes regulating the formation of the jury for the trial of civil causes provides: "If the number of jurors be reduced by challenge for cause to less than twelve in the District Court or six in the County Court, the court shall order other jurors to be drawn or summoned, as the case may be, and entered upon the slips in place of those who have been set aside for cause." And further, article 3224 reads: "When by peremptory challenges the jury is left incomplete, the court shall direct such number of other jurors to be drawn or summoned, as the case may be, as the court may consider sufficient to complete the jury, and the same proceedings shall be had in selecting and empaneling such jurors as are had in the first instance." This we believe constitutes the only express authority for summoning talesmen. Article 3229 seems to contemplate just such a contingency as is shown to have arisen in this case and reads: "Where pending the trial of any case in the District Court one or more of the jurors, not exceeding three, may die or be disabled from sitting, the remainder of the jury shall have power to render the verdict; but in such case the verdict shall be signed by every remaining member of the jury." Now, there can be no question but that the court would have had the power, and it became his duty, upon the juror J. R. Brothers becoming disabled from sitting, to require the parties to proceed to trial before the eleven jurors. The statute does not expressly authorize the summoning of talesmen under such circumstances, and we think the effect of the article of the statutes last quoted is by implication to forbid it. It is quite apparent from the language of the bill that appellant not only objected to the summoning of talesmen because it had not been shown that the juror Brothers was really disabled

from sitting, but also, generally, that the court under the circumstances had no authority to cause another juror to be summoned to fill the panel.

We have carefully noted appellee's reply to the effect that appellant waived his right to a trial before the eleven, or invited the court to fill the panel rather than that he should be forced to proceed with eleven jurors, and in this connection we have carefully examined the stenographer's notes of what occurred at the time; but we are of opinion that the bill, even when construed in the light of this explanation, does not show that appellant in any way waived his right to object to the juror Law in any and all events. To be sure the matter is altogether technical, but, indeed, the right itself to a trial before the twelve jurors is technical, but none the less a substantial right. For the errors thus committed the judgment of the District Court will be reversed and the cause remanded for another trial.

We perhaps would not be authorized to reverse the judgment upon the ruling of the court in refusing special instructions in view of the charges given, some of which were requested by appellant. Upon a party's requesting a number of special charges based upon any given group of facts, we do not think it is incumbent upon the trial judge to select from amongst them the one most favorable to the party requesting such charges, and would hold that if either charge was given, such party would have no just cause of complaint for refusing the others, even though the charge actually given may be less favorable than he would be entitled to on such issue. On the present appeal the complaint of appellant at least as to some of his refused charges, might be answered in this way, but we can not know that the same will be true on another trial, and we therefore suggest in a general way that if appellant's foreman warned appellee in time for him to have removed his hand from the place of danger, and appellee heard such warning, it would be a complete defense to this suit, and the court should so instruct the jury. This is true whether such defense should be denominated assumed risk, contributory negligence, or what not. (Ft. Worth & R. G. Ry. Co. v. Robinson, 37 Texas Civ. App., 465.) But the court should not submit such defense both as assumed risk and contributory negligence—that is, in separate charges—for that would be unnecessary to give prominence to that group of facts. The court actually submitted this issue as follows:

"If you find from the evidence that the said Slaughter just previous to the accident discovered that the rope was breaking, or about to break, and warned plaintiff of this, if it be a fact, in time to have avoided the injury by the exercise of ordinary care, and further find that plaintiff thereafter failed to exercise ordinary care to remove his hand and avoid the injury, and that such want of care, if any, on his part contributed to his injury, or if you find that by the exercise of ordinary care for his own safety plaintiff would have known that the rope was defective, if it was defective, and under the circumstances was guilty of a want of ordinary care for his own safety in going into and remaining in said place, and that such want of

ordinary care, if any, contributed to his injury, then he can not recover."

While this charge is not as favorable to appellant as he would be entitled to have, yet it is not for that reason alone erroneous (Chicago, R. I. & G. Ry. Co. v. Johnson, 111 S. W., 758); and besides, it appears to be in substantial keeping with one requested by him.

Quite a group of assignments form the basis for the following proposition: "If a person of ordinary prudence, situated as plaintiff was, would have discovered the defective condition of the rope by which the compress cylinder was suspended, and plaintiff failed to do so, and such failure directly and proximately contributed to his' injury, then plaintiff was guilty of such contributory negligence as will preclude his recovery for the injury complained of." There is a measure of law in the proposition, yet the charges requested upon this issue were subject to the criticism that they imposed upon appellee the exercise of diligence to discover defects in the appliances furnished by appellant, and this, of course, is not the law. We apprehend that appellant's defense against his negligence in using the defective rope which injured appellee can not be more fairly presented than by the ordinary charge of assumed risk, that is, if appellee either knew of the defective condition of the rope, or in the exercise of ordinary care for his own safety in the prosecution of the work in which he was engaged, would necessarily have known of the same, then he can not recover.

In view of the reversal the questions of the misconduct of the jury, argument of counsel and excessiveness of the verdict will not be considered.

*Reversed and remanded.*

Application for writ of error dismissed for want of jurisdiction.