### VAN ZANDT-MOORE IRON WORKS V. E. W. AXTELL.

Decided January 1, 1910.

**1.—Practice—Exclusion of Testimony—Harmless Error.**

Any error in excluding evidence is rendered harmless when the ruling is afterwards changed and permission given to introduce the same.

**2.—Same—Admission of Testimony.**

An appellant cannot complain of the admission of testimony when he introduced testimony to the same effect himself.

**3.—Charge—Undue Emphasis—Error.**

In a suit for the purchase price of an engine, wherein the defendant plead failure of consideration and in reconvention, charges considered and held reversible error in that they gave undue emphasis to plaintiff's contentions.

**4.—Practice—Refusal of Charges.**

Where an appellant requested a number of charges on the same issue, and some are given and others refused, the fact that those refused were more favorable to him than those given would not be good ground of complaint.

Appeal from the County Court of Tarrant County. Tried below before Hon. John L. Terrell.

*Cowan, Burney & Goree,* for appellants.

*McCart, Bowlin & McCart,* for appellee.

DUNKLIN, Associate Justice.—E. W. Axtell sued the Van Zandt-Moore Iron Works to recover the purchase price of an engine, and from a judgment in favor of the plaintiff the defendant has appealed.

The defendant pleaded specially that the engine was purchased by the Van Zandt-Moore Iron Works for the use and benefit of Bode & Lux; that plaintiff, with knowledge of that fact, negotiated with both firms in the sale of the engine and that as a part of the contract of sale Axtell warranted that the engine would furnish a certain amount of power by using a given quantity of gasoline, and agreed with the purchasing firm that if the engine failed to meet this guaranty, defendant should have the right to rescind the sale upon a return of the engine to Axtell. Defendant further alleges that the engine was not as it was represented, and upon this ground prayed that the sale be rescinded, that plaintiff take nothing by his suit, and that the defendant firm have judgment over against Axtell for certain expenses incurred by reason of the breach of Axtell's warranty. The Van Zandt-Moore Iron Works also prayed that Bode & Lux be made parties defendants, and the latter firm filed pleadings in which the same warranties and breach thereof were pleaded. Bode & Lux further alleged that relying upon the warranties of plaintiff they had incurred certain expenses, and by plea of reconvention against the plaintiff they sought to recover the same as damages, but the judgment of the trial court was adverse to this plea and there has been no appeal therefrom by Bode & Lux.

By several assignments of error complaint is made of the action of the court in sustaining objections to certain testimony offered by the appellant. If there was error in such ruling, the same was rendered harmless in view of the fact that afterwards permission was given appellant to introduce the same testimony that had been thus excluded.

It seems that the question of amount of steam power required to operate the machinery, for which the engine in controversy was pur-

chased, became a material inquiry, and over appellant's objection L. H. Blank was permitted to testify concerning the capacity of engine necessary to operate the machinery after Bode & Lux had sold the plant in which it was used. Luther Van Zandt, witness for appellant, also testified concerning the same matters covered by Blank's testimony, and the court did not err in admitting the testimony of the last named witness.

The following instructions were given the jury: "You will find for the plaintiff in this case for whatever you find was the agreed price of the engine in question, unless you find for the defendant upon some other phase of this charge.

"If you believe from the evidence that at the time of the sale of the gasoline engine in question, the only warranty made by Axtell to Van Zandt was that 'the engine was guaranteed against defects in material and workmanship, and to develop a horse power on brake test,' or what is known as the written guaranty, you will find for the plaintiff, Axtell.

"If you believe from the evidence that at the time of the sale of the engine in question, and as part of the contract of sale of same, that it was agreed between Axtell and Van Zandt that the written guaranty was only as to 'horse power,' and that in addition to said written guaranty Axtell warranted to Van Zandt that the engine 'would operate in capable hands on either one gallon stove gasoline or naptha per each indicated horse power for ten hours, and if less work was done, the consumption would be in proportion,' or what is known as the 'catalogue warranty;' and if you further find that the engine failed in a material respect to comply with said warranty, if there was any, then you will find for the defendants.

"If you find from the evidence that said 'catalogue warranty,' if any, was made as aforesaid, but you further find that said engine complied with the terms of said warranty, if any, in all material respects, then you will find for the plaintiff.

"The burden of proof is upon the defendants to establish by a preponderance of the evidence the 'catalogue warranty' alleged, and that same has been breached, and unless you believe they have done so, you will find for the plaintiff."

We are of the opinion that the instructions above quoted unduly emphasize the contentions made by the plaintiff and were therefore erroneous. Lumsden v. Chicago R. I. & T. Ry., 28 Texas Civ. App., 225 (67 S. W., 168); Hamm v. Briant, 124 S. W., 112, decided by this court.

Upon the trial appellant presented certain special instructions which were given the jury; this having been done appellant can not be heard to complain of the refusal of other requested instructions upon the same issues and more favorable to appellant.

The record fails to support the contention that the defendant firm and the firm of Bode & Lux each sought to recover of the other, and we therefore overrule the assignment complaining that, as the judgment failed to dispose of such issues, it was not a final judgment.

The judgment of the trial court in favor of appellee Axtell against appellant Van Zandt-Moore Iron Works is reversed, and the cause of

action asserted by Axtell against appellant is remanded for another trial, but the judgment in favor of Axtell as against appellees Bode & Lux is not disturbed.

*Reversed and remanded in part and affirmed in part.*