### TEXAS EMPLOYERS' INS. ASS'N v. PIERCE.  (No. 8839.)*

(Court of Civil Appeals of Texas. Dallas. June 16, 1923. Rehearing Denied Oct. 13, 1923.)

**1. Master and servant ⏝417(4½)—Pleading in suit to set aside award of Industrial Accident Board held to give court jurisdiction.**

Injured employee's petition to set aside an award of the Industrial Accident Board and to recover compensation under the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), alleging that the employer was 'a subscriber under the act, and was a member of the defendant insurance association, that the employee had suffered total permanent incapacity as a result of an injury, and was entitled to compensation at specified rate, that the Industrial Accident Board had made a final decision and that employee had give notice of his unwillingness to abide by such decision, and containing a copy of the board's decision and notice of employee's refusal to abide by decision, and insurer's answer joining in the prayer that the decision of the board be set aside, held to give the court jurisdiction of question of employee's right to compensation.

**2. Master and servant ⏝417(5)—Compensation case taken into court tried de novo.**

The question of an injured employee's right to compensation under the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) when taken into court by a claimant who is unwilling to abide the decision of the Industrial Accident Board is tried de novo, since the proceeding is not an appeal.

**3. Master and servant ⏝348—Compensation Act liberally construed.**

Workmen's Compensation Acts are given broad and liberal construction, in order that the humane purpose of their enactment may be realized.

**4. Master and servant ⏝404—Copy of notice held admissible to show compensation insurance.**

In an action against a compensation insurance association to set aside award of Industrial Board under Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), a copy of the notice to the board held admissible to show that the employer was insured by the defendant.

**5. Master and servant ⏝403—Court may assume compensation policy is not narrower than contemplated by statute.**

In the absence of any claim that compensation policy is narrower in its terms than is contemplated by the Employers' Liability Act

(Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), the court may assume that it is not.

**6. Master and servant ☞417(5)—Copy of report of accident to compensation claimant by insurer held admissible to prove notice of accident.**

In injured employee's action against compensation insurer to set aside award of Industrial Accident Board under the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), admission of copy of report of accident made by employer to insurer and forwarded to the Industrial Accident Board, *held* not error, in view of instruction that evidence could not be considered on question of whether the employee was injured, but was admissible merely to prove that the notice had been sent.

**7. Evidence ☞186(6)—Certified copy of statements on file with Industrial Accident Board held admissible to show that employer was insured by defendant insurer.**

In injured employee's action against compensation insurer to set aside award of Industrial Accident Board under the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) certified copy of certain statements on file with the board under article 5246—76, *held* admissible to prove that the employer was insured by the defendant, in view of defendant's failure to comply with written demand to produce policy.

**8. Pleading ☞236(3)—Court in its discretion could permit plaintiff to read trial amendment filed during former trial.**

The court in its discretion could permit plaintiff to read trial amendment filed during a former trial of the cause.

**9. Trial ☞308 — Refusal of defendant's request to have cross-examination of a witness read, after reading direct examination at jury's request, held not error.**

Where the testimony of a witness on his first examination was read pursuant to the request of the jury under Vernon's Sayles' Ann. Civ. St. 1914, art. 1963, the refusal of the defendant's request to have the cross-examination on the same point read was not error in the absence of a request for the reading of such cross-examination by the jurors.

**10. Witnesses ☞246(1)—Jurors not to interrogate witness at length.**

Jurors are not entitled to interrogate the witness at length.

**11. Trial ☞260(1) — Refusal of requested charge covering same subject-matter as that given at request of same party not error.**

The court having given a special charge at the request of a party was not required to give another charge on same subject requested by such party.

**12. Appeal and error ☞731(5)—Assignment of error urging insufficiency of evidence to sustain answer to special issue without setting out the evidence held too general for consideration.**

Assignment of error complaining of refusal to set aside the verdict on the ground that jury's answer to a special issue was against the weight of evidence, in which there was no evidence set out, *held* too general for consideration, under Rules of Courts of Civil Appeals, Nos. 25, 26 (142 S. W. xii).

Appeal from District Court, Hunt County; Newman Phillips, Judge.

Suit by C. F. Pierce against the Texas Employers' Insurance Association. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 230 S. W. 872.

Lawther, Pope & Leachman, of Dallas, for appellant.

B. Q. Evans and Harrell & Starnes, all of Greenville, and Chas. L. Black, of Austin, for appellee.

SAVAGE, Special Chief Justice. C. F. Pierce, appellee, brought this suit in the district court of Hunt county against appellant, Texas Employers' Insurance Association, to set aside an award of the Industrial Accident Board and for compensation on account of certain personal injuries alleged to have been received while performing service as an employé of the Gulf Pipe Line Company, which, he alleged, was a "subscriber" under the terms of the Texas Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) and was a member of the Texas Employers' Insurance Association. The petition alleged that Pierce had suffered total permanent incapacity as a result of said injury, and that he would suffer manifest hardships and injustice unless the association were compelled to redeem its liability in a lump sum; that he was entitled to recover compensation at the rate of $15 per week for a period of 401 weeks; that on October 24, 1919, the Industrial Accident Board had made its final ruling and decision; that he had given notice of his unwillingness to abide said final ruling within 20 days, and within 20 days after giving said notice had filed suit to set aside said final ruling and decision.

Plaintiff prayed for judgment setting aside said final ruling and decision, and for $6,000 in a lump sum, for costs, etc.

Defendants, Texas Employers' Insurance Association, answered by general demurrer and general denial, and joined plaintiff in his prayer that the award be set aside.

The jury found in response to special issues submitted as follows: (1) That plaintiff suffered hernia or rupture as a result of the injury received by him; (2) that the hernia appeared suddenly and immediately following the injury; (3) that the hernia did not exist in any degree before said injury; (4) that the injury was accompanied by pain; (5) that the plaintiff's kidney was not injured at the time of and as a result of said accident; (6) that he received strain or other

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

injury to his back as a result of the accident; (7) that he was incapacitated to work by reason of such injury; (8) that such incapacity was partial; (9) that such incapacity would continue 14 years; (9a) that he has been and will be during the existence of said partial injury able to earn $1.75 per week; (10) that manifest hardship and injustice would result to plaintiff if he were not permitted to recover such compensation, if any, as he was entitled in a lump sum; (11) that the incapacity, if any, complained of by plaintiff in his petition was proximately caused by the accident referred to in the pleadings.

On this verdict, judgment was rendered for the plaintiff for the sum of $1,806 as the compensation due him for 129 weeks at $14 per week, for which execution was awarded, and for $2,158.03, which was $14 per week for 171 weeks, payable in weekly installments of $27.04 each for a period of 79.8 weeks.

[1-3] It is urged by appellant that the record does not disclose that the trial court had jurisdiction; that, being an appeal from a final ruling and decision of the Industrial Accident Board awarding compensation under the terms of the Workmen's Compensation Act, a certified copy of said final ruling and decision should have been filed with the clerk of the court in which the suit was brought. Plaintiff's petition sets out in quotations the ruling and decision of the Industrial Accident Board, also copy of notice served upon the Industrial Accident Board and the Texas Employers' Insurance Association that he would not abide said final ruling and decision, giving the date of said ruling and decision and again quoting same. The defendant in its answer joined the prayer that the final ruling and decision of the Industrial Accident Board as set out in plaintiff's original petition be set aside. The trial, when taken into court, is de novo. It is not considered an appeal, when a claimant, being unwilling to abide the final ruling of the board, resorts to the court. Lumbermen's Reciprocal Ass'n v. Behnken (Tex. Civ. App.) 226 S. W. 154. There is no statute requiring anything in the nature of a transcript as in the appeal from the justice court. Broad and liberal constructions are given to the Workmen's Compensation Acts as remedial measures, in order that the humane purpose of their enactment may be realized. The pleading and record herein are sufficient to show that the court had jurisdiction.

Appellant urges that the judgment is fundamentally erroneous, because there was no jury finding as to appellee's average weekly wages before the injury. There was no conflicting testimony as to his average weekly wages before the injury. The only testimony presented was that he had been making $5 per day, and same, when taken in connection with the finding of the jury as to his weekly wages during the existence of the injury, was a sufficient basis to compute the weekly compensation of the $14 per week.

The appellant assigns as error, first, that the court erred in refusing to instruct the jury to return a verdict for appellant; and, second, that the court erred in overruling its motion for a peremptory instruction, because no competent evidence has been offered that at the time of the alleged injury to plaintiff the Gulf Pipe Line Company was a "subscriber" with appellant under the terms of the Employers' Liability Act. (In the former appeal of this case, 230 S. W. 872, the Court of Civil Appeals held that a part of the award of the Industrial Accident Board reciting that said pipe line company was a "subscriber" was incompetent.)

In this trial plaintiff's attorneys made every reasonable effort by depositions and other means to get the use of the policy or a copy of same for this trial.

The evidence shows that the policy of insurance was actually produced by the Gulf Pipe Line Company and introduced in evidence in a former trial. The secretary of the Industrial Accident Board testified by deposition that, "The records disclose the fact that the Texas Employers' Insurance Association gave notice to the board that a compensation policy had been issued to the Gulf Pipe Line Company, and that it was in full force and effect during the year 1919, and also furnished certified copies of the notices which were introduced in evidence.

Tom Dies, who was in charge of the claim department of the pipe line company in 1919, testified by deposition that the files in his office disclosed that the accident had been reported to the Industrial Accident Board, also furnished copy of notice to the Industrial Accident Board showing that the Gulf Pipe Line Company was carrying compensation insurance with the appellant, and same was introduced in evidence. The trial judge admitted this character of testimony, because written notice had been given by plaintiff to the defendant to produce in court on the trial of the cause the original of the policy and other documents testified to, and same had not been produced on the trial; and he limited the same in his charge as follows:

"You are instructed that you will not consider the statement or statements made in said documents as evidence upon the trial of this case that the plaintiff was in fact injured as set out therein. Said documents were only admitted in evidence for the purpose of showing that notice of injury claimed by plaintiff was in fact given to the Gulf Pipe Line Company and the Industrial Accident Board within 30 days after the date of the alleged injury, and you must not consider said statements in said documents for any other purpose."

Dr. G. T. Kennedy, a witness for the appellant, testified that he examined the ap-

pellee in the summer of 1919. He further testified:

"I was asked to examine him for inguinal hernia. It is correct that the Texas Employers' Insurance Association wrote me a letter, and asked me to go and examine him for that. The Texas Employers' Insurance Association asked me to do that."

[4, 5] The evidence was admissible under the circumstances and under the restrictions given by the court to prove the Gulf Pipe Line Company was a subscriber with the appellant by reason of a policy issued by appellant under the terms of the Employers' Liability Act. The policy is never in the possession of the employé, but is in the possession and control of the employer, and great inconvenience would result in many cases where the employer has a large number of employés with many claims pending and in litigation at the same time and in different places if the policy is to be the only sufficient evidence. In the absence of any claim that the policy is narrower in its terms than is contemplated by the act, the court may assume that it is not. Huddleston v. Texas Pipe Line Co. (Tex. Civ. App.) 230 S. W. 250.

[6] The third assignment of error complains of the introduction in evidence of a certain exhibit attached to the depositions of Tom Dies as a copy of a purported report of the accident to plaintiff made by the Gulf Pipe Line Company and forwarded to the Industrial Accident Board, and the fourth assignment complains of the introduction in evidence of said purported report received in the office of Tom Dies.

This testimony was properly limited in the court's charge hereinabove set out so that the jury could consider it only to establish notice of the accident, and it is not contended that the jury disregarded the instructions and considered same for any other purpose. Aside from this testimony, there is the testimony of several witnesses as to the preparation and mailing of the notice within the time required by the Compensation Act.

[7] The fifth assignment of error complains of the introduction in evidence of certain exhibits attached to the depositions of M. Edmonson, which purported to be copies of certain statements on file with the Industrial Accident Board regarding the subscription of the Gulf Pipe Line Company with the Texas Employers' Insurance Association. Article 5246—76, Employers' Liability Act, provides for these notices to the board both by the employer and the association carrying the risk. The notices required by law are sufficient evidence before the board that the employer is the subscriber, and the insurance company the association. These are public records, and no provision is made for their removal, and certified copies of the originals prepared by their custodians, keeping in mind that the policy is in the possession and control of the employer, who cannot be regarded as a stranger or "third party," to the insuring company, are admissible, the policy not having been produced on the trial after written notice had been given by the plaintiff to the defendant.

[8] By the sixth assignment appellee complains of the court's action in permitting plaintiff to read trial amendment filed during a former trial of the cause. There is nothing to show that appellant may have been adversely affected by the action, and in this the court exercised his discretion. In the case of Texas Co. v. Earles (Tex. Civ. App.) 164 S. W. 28, Judge Talbot of this court says:

"It is within the discretion of the trial court to permit a trial amendment of the plaintiff's petition whether exceptions to the original petition had been sustained or not (American Warehouse Co. v. Ray, 150 S. W. 763), and the mere failure to replead if the case is not then tried, as directed by rule 27 for district and county courts (142 S. W. xix) should not work a reversal of the case."

The admission by the court of the evidence of T. D. Starnes regarding an agreement that he had with Tom Dies, representative of the Gulf Pipe Line Company, relative to the furnishing of the policy of the insurance for use in evidence, is not subject to the criticism contained in appellant's seventh assignment. The Gulf Pipe Line Company cannot be considered a mere innocent bystander. The insurance was for its protection, and the policy is in its possession or control.

Notice had been given the defendant to produce the policy and the defendant, under the Employers' Liability Act, is nominally defending for the Gulf Pipe Line Company.

[9, 10] Appellant's eighth assignment of error urges that the court erred in that, after the jury had returned into court and requested that the stenographic notes of the testimony of Dr. W. E. Pennington as to the condition he found plaintiff in upon his first examination be read, and that after his direct testimony was read without objection, request of defendant to have the cross-examination on the same point read was refused. There is no provision in the statutes for the reading of stenographers' notes to the jury. San Antonio Traction Co. v. Bodgett (Tex. Civ. App.) 158 S. W. 803. However, no objection was urged. Article 1963, Vernon's Sayles' Statutes, is as follows:

"If the jury disagree as to the statement of any particular witness, they may, upon applying to the court, have such witness again brought upon the stand; and he shall be directed by the judge to detail his testimony to the particular point of disagreement, and no other, and as nearly as he can in the language used upon his examination."

The trial judge says:

"The stenographer was permitted to read to the jury all the stenographer's report of the evidence of the witness called for by the jury. I asked the jury if the testimony read to them covered the point upon which they desired a reproduction of the evidence of the witness, and the jury answered that it did. Counsel for the defendant requested that the cross-examination of the witness be read to the jury and I declined to have it read, because the jury had not asked for further evidence."

The jury decides as to the testimony it desires to hear and same is to be given under the directions of the court to the particular point of disagreement, and no other. The jurors are not allowed to interrogate the witness at length. Griffin v. Barbee, 29 Tex. Civ. App. 325, 68 S. W. 699. There is nothing to indicate that the jury did not consider the cross-examination of the witness which they had heard from the witness stand. In fact, the making of the objection and the request, made in their presence, would further direct their attention to the cross-examination which was not read. Then, same having been called to the attention of the jury, it is presumed that they were satisfied, for otherwise they would have requested that it be read at the time or would have presented a later request.

The ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth assignments complain of the action of the court in refusing to submit to the jury special issues as to whether or not the injury was the proximate cause of high blood pressure, whether or not high blood pressure was the proximate or contributing cause of the incapacity, also as to the percentage of the incapacity, first from other causes and, second, from the injury.

The issue of proximate cause is fully covered in the court's main and supplemental charge in connection with a complete and correct definition of the term, and the court submitted to the jury special issue covering the matter of proximate cause. The court's supplemental charge, "You are hereby instructed that proximate cause is one which in natural and continuous sequence, unbroken by any intervening independent cause, produces an event, and without which said event would not have occurred," was given in connection with special issue No. 11. This charge and issue was presumably based on charges and issues requested by appellant, and is broader than those requested.

[11] The court having given this charge and appropriate question, appellant was not entitled to have additional charges and issue submitted covering said issue. In Railway Co. v. Haney (Tex. Civ. App.) 94 S. W. 386, the court held that where a party requested more than one special charge covering the same issue, and the court selects and gives the one more general in its terms, the party will not be heard to complain of the refusal to give the others, although the others are more specific in their nature. See, also, Railway Co. v. Ochiltree (Tex. Civ. App.) 127 S. W. 584; Van Zandt-Moore Iron Works v. Axtell, 58 Tex. Civ. App. 353, 126 S. W. 930; Waggoner v. Sneed, 53 Tex. Civ. App. 278, 118 S. W. 547; I. & G. N. Ry. Co. v. Ford (Tex. Civ. App.) 118 S. W. 1137; Railway Co. v. Addis (Tex. Civ. App.) 142 S. W. 955.

Special issues requested involved either the mere negative of the issue embraced in question No. 11, or involved merely phases of the general issue submitted in that question and other questions, and it was not error to refuse such special issues. Texas Employers' Insurance Association v. Downing (Tex. Civ. App.) 218 S. W. 112. Under the charge and questions, it was not possible for the jury, following it, to consider any incapacity, except such as was proximately caused by the accident, and, if the jury had stated that the incapacity due to the accident was a certain per cent., such answer would not have affected the other answers or affected the judgment.

[12] The appellant's fifteenth assignment, urging error on the part of the court for refusing to set aside the verdict, because the answer of the jury to special issue No. 11 was against the weight of the evidence, is too general. No evidence is set out, and it cannot be considered under rule 25 or 26 for this court (142 S. W. xii), and the trial court was justified in disregarding it in motion for new trial on that ground. Denby Motor Truck Co. v. Mears (Tex. Civ. App.) 229 S. W. 994.

No reversible error is disclosed in the record, and the judgment of the court below is affirmed.