# Edward Stern & Co. *v.* Liberty Mutual Insurance Co., Appellant.

*Workmen's Compensation Act—Minors—Employment in industrial establishment—Insurance—Making out case by showing illegal contract.*

1. A minor illegally employed in an industrial establishment is not a compensable employee under the Workmen's Compensation Act.

2. Where an employer's insurance policy covers injuries sustained by employees, (a) under the Workmen's Compensation Act and (b) where a "liability is imposed upon the employer by the laws of Pennsylvania for damages on account of such injuries," the court cannot limit the claims to those arising under the Compensation Act, as the policy was manifestly intended to reach common law liability, based on an employment not specifically within the terms of the Compensation Act.

3. Such a policy is not a contract to indemnify against the consequences of the violation of a penal statute relating to the employment of minors under sixteen, and therefore contrary to public policy.   It is a contract to indemnify against loss through accidents to employees.

4. The illegal employment of a minor under sixteen was an incidental and independent transaction, in no way primarily connected with the issuing or working out of the policy.

5. It is only when a party is obliged to make out his case by showing an illegal contract or transaction, that he is not entitled to recover.

Argued January 7, 1921.   Appeal, No. 64, Jan. T., 1921, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1919, No. 5679, for plaintiff on case stated, in suit of Edward Stern & Co. *v.* Liberty Mutual Insurance Co.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Case-stated in assumpsit to determine liability under an employer's insurance policy.   Before FINLETTER, J.

The opinion of the Supreme Court states the case.

The court entered judgment for plaintiff on the case stated for $1,500.   Defendant appealed.

*Error assigned* was judgment, quoting it.

*Ralph B. Evans,* for appellant.—The word "employee" as used in the policy does not include a minor whose employment is contrary to the provisions of the Child Labo Law:  Lyle v. Hutchins Car Roof Co., 27 Pa. Dist. R. 526; Ayres v. Dunlap Co., 27 Pa. Dist. R. 552; Hegedus v. Glass Co., 67 Pitts. 726; Lincoln v. Tube Co., 68 Pitts. 102.

If the policy is so construed as to involve liability in this case, it amounts to a contract to indemnify against the consequences of the violation of a penal statute, and is therefore contrary to public policy:  Johnson v. Hulings, 103 Pa. 498; Thorne v. Ins. Co., 80 Pa. 15; Weckerly v. Lutheran Congregation, 3 Rawle 172.

*Morris Wolf,* for appellee.—The policy does not except the insurance company from liability for injuries to a minor, illegally employed.

The contract is not contrary to public policy because it does not except liability in case of injuries to a minor illegally employed:  Swan v. Scott, 6 S. & R. 155; Sauer v. School Dist., 243 Pa. 294; Mars Natl. Bank v. Hughes, 256 Pa. 75; Deposit Natl. Bank v. Beaver Trust Co., 68 Pa. Superior Ct. 468; Messersmith v. Am. Fidelity Co.,

N. Y. 187 App. Div. 35; London Guaranty & Accident Co. v. Morris, 156 Ill. App. 533.

OPINION BY MR. JUSTICE KEPHART, March 7, 1921:

Defendant insured plaintiff under a policy of insurance covering personal injuries sustained by employees, (a) coming under the Workmen's Compensation Act of 1915 and its amendments, and (b) where a "liability [is] imposed upon the employer by the laws of Pennsylvania for damages on account of such injuries."

Samuel Hair, a minor under the age of sixteen, was employed by plaintiff. During the course of employment he sustained an injury for which he brought an action at law to recover damages, charging maintenance of machinery in an unsafe and unguarded condition, contrary to section 11 of the Act of May 2, 1905, P. L. 352, and the illegal employment of a minor in violation of the Act of May 13, 1915, P. L. 286. An affidavit of defense was filed to this action, appellant taking part in the defense. By agreement of all parties, the case was settled, a sum was paid Hair's representative, this defendant reserving the right to raise all legal defenses to any action calling on it to respond under the indemnity engagement. It now urges nonliability, for the reason Samuel Hair was not an employee within the meaning of the Workmen's Compensation Act, and no liability could be imposed under the policy because an indemnity to cover illegal employment would be contrary to public policy.

We held in Lincoln v. National Tube Company, 268 Pa. 504, that a minor, so employed, is not a compensable employee under the Workmen's Compensation Act. The risk under the policy in the present case was not limited solely to liability as imposed by the Workmen's Compensation Act. Liability under that act is (1) to pay elective compensation under article 3; and (2) to pay damages in cases where the employer or employee has elected not to accept the provisions of article 3. But, under the

second paragraph of the policy, it indemnifies against loss for liability imposed by the laws of the state for damages on account of personal injuries to employees. With these plain statements, we cannot limit its coverage to claims arising under the Compensation Act, as it was manifestly intended to reach common law liability, based on employment not specifically within the terms of the Compensation Act. Samuel Hair was none the less an employee within the common acceptation of that term, though he was employed contrary to law; and whether or not he was such under the Compensation Act, is not material, as far as liability here is concerned. Appellant would scarcely contend he was not an employee in any sense because plaintiff failed to guard its machinery properly and therefore committed an illegal act. The claim in the former action rested on the fact of employment; it could be founded only on that basis, otherwise there was no right of action. The contention is more on the theory that Hair should not have been employed, not because he was not employed. When the policy was written, it may have been intended to cover cases where the employer was imposed upon with respect to the ages of some of its employees; but, had appellant desired to limit its risk, it could easily have written the limitation in the contract.

Nor is the policy a contract to indemnify against the consequences of the violation of a penal statute, and therefore contrary to public policy. It does not insure against penal violations, but indemnifies against loss through accidents to employees, resulting in physical injury. Undoubtedly appellee was guilty of an offense for which it might have been fined or some of its members imprisoned. The policy did not insure against this. To make it civilly liable, an accident must have happened, and, without the accident, there would be no cause for liability. The risk or hazard was loss by reason of an accident, and whatever elements, whether of negligence or of illegality, entered into the accident, are merely in-

cidental to the main question, namely, recovery under a policy indemnifying an employer against loss by reason of liability to employees, enforced under the laws of the State. It was not necessary for plaintiff to prove an unlawful act to make out its case. "Where the party seeking to recover is obliged to make out his case by showing the illegal contract or transaction, or through the medium of the illegal contract or transaction, then he is not entitled to recover......but an agreement will be enforced even if it is incidental or indirectly connected with an illegal transaction, if the plaintiff did not require the aid of the illegal transaction to make out his case": Swan v. Scott, 11 S. & R. 155, 164; Sauer v. McKees Rocks Sch. Dist., 243 Pa. 294, 304; Potamkin v. Wells, Fargo & Co., 63 Pa. Superior Ct. 222, 225; Deposit National Bank v. Beaver Trust Co., 68 Pa. Superior Ct. 468. Defendants' contract was, in itself, fair and legal, founded on a valid consideration, and is not to be declared void simply because there was, or might have been, a violation of the Child Labor Law. The illegal employment of a minor under sixteen, was an incidental and independent transaction; it was a distinctive thing, in no way primarily connected with the issuing or working out of the policy; nor did the existence of the policy lead to, aid or encourage an infringement of the law. The hazards insured against are the consequences of accidents to employees. Appellant forgets the business it is engaged in and the risk it took; the premium is fixed on that risk and the loss covered by it contemplated employees generally, without qualification. The circumstances under which the employment is made are merely incidental. To refuse to sustain the contract would be to read into it an exemption not contained therein nor thought of at its inception.

The judgment is affirmed.