**OILMEN'S RECIPROCAL ASS'N v. GILLE-LAND et al.  (No. 2659.)**

(Court of Civil Appeals of Texas. Amarillo. April 21, 1926. Rehearing Denied June 2, 1926.)

**1. Insurance ⬅435—Insurer held liable, under policy insuring laundry company against liability for injuries to employees in course of employment, for death of bricklayer employed by it to wall up pit which caved in, whether he was working in usual course of insured's business or not (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—82 [Rev. St. 1925, art. 8309, § 1, par. 3]).**

Under policy insuring laundry company against liability for injuries to employees "arising in the course of their employment," insurer was liable for death of bricklayer, employed by insured to wall up pit which caved in, whether or not he was working in usual course of employer's business, within Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—82 (Rev. St. 1925, art. 8309, § 1, par. 3).

**2. Master and servant ⬅418(3).**

Case tried as one arising under Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), must be considered on that theory in appellate court.

**3. Insurance ⬅435.**

Subscriber to Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), and insurer cannot by contract of indemnity restrict employee's rights under act, but may contract to cover common-law liabilities and parties not within act.

**4. Master and servant ⬅362—Casual employee is entitled to compensation if injured in usual course of employer's business (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246yyy amended by Acts 35th Leg. [1917] c. 103, pt. 4, § 1 [Vernon's Ann. Civ. St. Supp. 1918, art. 5246—82; Rev. St. 1925, art. 8309, § 1]).**

Under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—82 (Rev. St. 1925, art. 8309, § 1), amending Vernon's Sayles' Ann. Civ. St. 1914, art. 5246yyy, by eliminating words "but casual or is," one only casually employed is entitled to benefits of act if injured while in usual course of employer's business.

**5. Master and servant ⬅348.**

Workmen's Compensation Acts must be liberally construed in favor of injured party.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Proceeding by T. J. Gilleland for compensation under the Workmen's Compensation Law for the death of Ed Gilleland, employee, opposed by the Oilmen's Reciprocal Association, insurer. From a judgment for claimant and another on appeal to the district court from an order of the Industrial Accident Board denying compensation, the insurer appeals. Affirmed.

Carrigan, Britain, Morgan & King, of Wichita Falls, for appellant.

E. W. Napier, of Wichita Falls, for appellees.

HALL, C. J. This case arose under the Workmen's Compensation Law of Texas, and grows out of the fact that Ed Gilleland, the son of the appellee, T. J. Gilleland, was killed in an accident on December 23, 1924, while working as an employee of the City Laundry Company, a corporation, of Wichita Falls, Tex. No question is made upon the pleadings, and the case is before us upon an agreed statement under V. S. C. S. art. 1949, (R. S. art. 2177).

Compensation was denied the appellee Gilleland by the Industrial Accident Board, and, joined by his attorney, E. W. Napier, the appellee Gilleland appealed from the ruling of the Accident Board and sued in the district court of Wichita county, where judgment was rendered for plaintiffs for compensation at the rate of $20 per week for 360 weeks.

The case is before us upon the single proposition of law, as follows:

"The court erred in rendering judgment for the plaintiffs T. J. Gilleland and E. W. Napier against this defendant, for the reason that, under the undisputed facts presented to the court at the trial of this cause, the deceased, Ed Gilleland, was clearly not an employee within the meaning of the statutes of the state of Texas governing workmen's compensation cases, it appearing from the agreed statement of facts that at the time of the accident resulting in his death, the said Ed Gilleland was employed by City Laundry Company, the insured, as a bricklayer, to wall with brick a pit 16 feet deep, in which his employer was about to install a pump for the purpose of pumping water to its plant where it conducted a laundry business, engaged in the business of cleaning and pressing clothing, garments and linens, for the general public for compensation, from which it clearly appears that the employment of the said Ed Gilleland was not in the usual course of trade, business, profession, or occupation of said employer."

The issue for consideration here is whether Ed Gilleland was an employee, under the express term of the policy, as set out in the petition and under the statutes of Texas defining that relation. Vernon's Ann. Civ. St. 1918, art. 5246—82 (R. S. 1925, art. 8309, § 1, par. 3), define employee, in part, as follows:

" 'Employé' shall mean every person in the service of another under any contract of hire, express or implied, oral or written, * * * except one whose employment is not in the us-

ual course of trade, business, profession or occupation of his employer."

The policy which was issued by the appellant indemnity association to the laundry company was not made a part of the statement of facts. Plaintiffs allege that the laundry company held a policy issued by the defendant "insuring and indemnifying the said City Laundry Company against liability for injuries to its employees arising in the course of their employment."

The only reference to the policy in the statement of facts is in the recital that the City Laundry Company "held a policy of compensation insurance issued by the defendant, Oilmen's Reciprocal Association, insuring and indemnifying the said City Laundry Company against liability for injuries to its employees arising in the course of their employment, which said policy of insurance was in force on the date last above mentioned."

[1] If we apply the rule that the policy is to be strictly construed against the insurer, then the judgment must be affirmed, because, according to the agreed statement of facts, Ed Gilleland, at the time of his death, had been employed by the laundry company to wall up a pit with brick, and while in the course of his employment and as the result of the side of the pit caving in he was buried under the sand and instantly killed. It will be observed that the terms of the policy did not limit the liability of the appellant to injuries suffered by an employee while he was working "in the usual course of trade, business, profession or occupation of his employer," as is provided by the statute, but the liability arises under its terms if the injured party is an employee of the assured and is injured in the course of the workmen's employment.

[2, 3] The case was tried as one arising under the Workmen's Compensation Act, and must be considered upon that theory in this court. The condition of the policy as set out in the above quotation from the statement of facts extends the liability of the insurer beyond that contemplated by the statute. The general rule seems to be that the subscriber and the insurer are not permitted to enter into such a contract of indemnity as will restrict the rights of an employee as they are declared by the Compensation Act. In re Cox, 225 Mass. 220, 114 N. E. 281. But there is nothing in the Texas statute which forbids the indemnity company and the subscriber from broadening the scope of the contract so as to cover liabilities and parties not within the Compensation Act of Texas. As said in 36 C. J. 1080:

"Where such is the intention of the parties, the obligation of insurer under an employer's liability policy may be as broad as the Workmen's Compensation Act, and may be confined to liability or loss under that act and according to its schedule of compensation; or the policy may cover the employer's liability at common law as well as under the Workmen's Compensation Act." Trinity County Lumber Co. v. Ocean Acc., etc., Corp., Limited (Tex. Com. App.) 228 S. W. 114; Wollman v. Fidelity & Casualty Co. of New York, 87 Mo. App. 677; Stern v. Liberty Mutual Ins. Co., 269 Pa. 559, 112 A. 865.

The record discloses that in carrying on its laundry business the assured obtained water from two or three wells operated by a small steam pump; that on account of an increase in the volume of its business the water supply from these wells became inadequate. On this account it caused two additional wells to be sunk, of such depth that it became necessary to install a larger and more powerful pumping equipment. For this purpose it had caused an excavation to be made near the two wells, which was about 16 feet deep, 18 feet long, and 6 feet wide; that to prevent the walls of the excavation from caving it was necessary to line it with brick. Ed Gilleland was a brick layer, and, at the time he was killed, had been employed by the laundry company, with other workmen, to build the brick wall. While engaged in lining the excavation with brick, one side caved in and buried the workmen under several tons of earth, causing Gilleland's immediate death.

[4] The appellant insists that he was not an employee under the statutory definition quoted above, and that when he was killed his employment was incidental and casual and not in the usual course of trade, business, profession, or occupation of his employer. The Workmen's Compensation Act of Texas seems to have been fashioned very largely after the Massachusetts act. The original act in Massachusetts (St. 1911, c. 751), in defining employee, excepted "one whose employment is but casual or is not in the usual course of trade, business, profession or occupation of his employer." This definition was adopted when the Texas law was enacted. Vernon's Sayles' Civil Statutes, art. 5246yyy. Later, after the Massachusetts Law had been amended (G. L. c. 152, § 1), eliminating the words "but casual or is," the Texas act in 1917 (Acts 1917, c. 103, pt. 4, § 1), was also amended so as to conform in this particular with the Massachusetts amendment. Vernon's Civil Statutes 1918, art. 5246—82. The effect of this amendment was to broaden and liberalize the scope of the act with reference to who should be classed as employees; and, as amended, one who is only casually employed is entitled to the benfits of the act if he is injured while in the usual course of the trade, business, profession, or occupation of his employer. R. S. art. 8309, § 1.

[5] Primarily, the business of a laundry company is to wash dirty linen, but in order to do so it must have water. If it undertakes to furnish its own water for the pur-

pose, good business judgment demands that it shall install a pumping plant which will furnish a sufficient supply. It was endeavoring to do this very thing when it employed Gilleland to wall up the excavation. While his employment was casual, the amendment of the law in 1917 has eliminated that consideration from the case, and the question presented is: Was the digging of a larger pit, the installation of more complete pumping equipment, and the employment of laborers necessary to accomplish that purpose within the terms of the act? The general rule is that Workmen's Compensation Acts must be liberally construed in favor of the injured party. While, as shown by the briefs before us, this question has been decided in other jurisdictions both for and against the appellant's contention, and this is a case of first impression in Texas, we strongly incline to the opinion that Gilleland was an employee, and that his father is not precluded by the terms of the exception; however, we do not rest the affirmance of the judgment upon that ground. Since the terms of the policy clearly included all employees while in the performance of their duties without regard to whether they were employed in the usual course of the company's business, we deem it unnecessary to discuss the phase of the case presented by the statute.

For the reason first above stated, the judgment is affirmed.