**TEXAS EMPLOYERS' INS. ASS'N v. VARNER. (No. 1883.)**

Court of Civil Appeals of Texas. Beaumont. July 18, 1929.

Morris, Sewell & Morris, of Houston, for appellant.

Chas. Jack Shipp, of Cleveland, for appellee.

O'QUINN, J. Appellee brought this suit against appellant in the district court of Liberty county to set aside an award of the Industrial Accident Board, made on November 26, 1928. He alleged that the Industrial Accident Board on said date awarded him compensation for total incapacity for 13 weeks at the rate of $8.65 per week, less any amount previously paid by appellant, 15 per cent. of which should be paid to his attorney; that on December 3, 1928, he gave notice to the Industrial Accident Board that he was not satisfied with and would not abide by said ruling and award, and that he would bring suit within 20 days after said notice in some court of competent jurisdiction to set aside said award. As grounds for his right to recover, he further alleged that on November 3, 1927, he was an employee of Roy Jones, who was engaged in manufacturing lumber in Liberty county, and that on said date, while in the course of his employment, he received the injury for which he claimed compensation; that, while tripping logs with a cant hook, the hook pulled loose from the log and threw him down, breaking his leg and ankle; that his employer, Roy Jones, was a subscriber under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), and carried a policy of insurance with appellant, which covered appellee; that his average weekly wage was $21; that on account of his injury he was totally incapacitated for labor; that his injured leg and ankle was stiff, and he could not use same without great pain; that he could not procure and retain work, and that his total incapacity will be permanent; that he gave notice of his injury to his employer within 30 days after receiving his said injury,

and filed his claim for compensation with the Industrial Accident Board within 6 months after receiving same; that appellant had paid him the sum of $34, but refused to pay any more; that, by reason of appellant's refusal to pay him compensation, he was compelled to employ counsel and prayed that he have judgment for compensation for total incapacity at the rate of $12.60 per week for ⌐401 weeks, with interest at the rate of 6 per cent. on all past-due payments, and that one-third of the award be paid to his counsel.

Appellant, defendant below, answered by general demurrer and general denial.

The case was tried to the court, and resulted in judgment setting aside the award of the Industrial Accident Board, and in favor of plaintiff for 12 weeks' compensation at $8.65 per week, beginning November 3, 1927, and the further sum of 389 weeks' compensation at $4.32 per week, with interest at the rate of 6 per cent. on all past-due payments, less the sum of $37 previously paid, together with costs of court. The judgment for $4.32 per week for 389 weeks was for 50 per cent. permanent partial incapacity, but was given subject to review should the condition of the injury and amount of incapacity change at any time during the life of the judgment. This appeal is from that judgment.

■ Appellant's first and second propositions are presented together. They complain that the court erred in not sustaining its general demurrer to appellee's petition because said petition did not allege the amount for which claim was made before the Industrial Accident Board. It is insisted that said allegation was necessary to show jurisdiction in the court; that it was incumbent upon appellee to plead and prove that his claim before the board was in excess of $500, else the district court would not have jurisdiction to entertain and determine the action. The petition did not contain a specific allegation as to the amount claimed before the Industrial Accident Board, but because of the allegations relative to the average weekly wage, and the extent of the injury and incapacity suffered, and relief prayed for, and on the authority of Travelers' Insurance Co. v. Peters (Tex. Com. App.) 17 S.W.(2d) 457, these assignments are overruled.

■ Appellant's third proposition asserts that the judgment was erroneous because there was no evidence to support it, in that there was no evidence showing that appellant insured appellee's employer, or any evidence to show that the policy alleged by appellee was in force and effect at the date of the injury. This assignment is overruled. Appellee's petition alleged, and the evidence shows, that appellant had paid $37 on appellee's claim, but refused to make any further payments. The evidence showed that such further payments were refused because the physician treating appellee for his injury had

discharged him as cured and able to labor. This payment by appellee was an admission of the existence of the insurance policy, and that it was in force and effect at the date of the injury.

Appellant's fourth proposition complains that there was no proof by appellee of notice to his employer or the association of his injury within 30 days after receiving same, and that allegation and proof of such notice was essential to give jurisdiction to the court to hear and determine the matter. Article 8307, § 4a, provides that no proceeding for compensation for injury under the Workmen's Compensation Act shall be maintained unless notice of the injury shall have been given to the association or the subscriber within 30 days after the happening of the injury. Appellee's petition alleges that he gave notice of his injury to his employer, Roy Jones, within 30 days after receiving his injury. He testified, and it is not disputed, that appellant paid him $37 as compensation. We think this sufficiently shows notice.

The fifth proposition complains that the court was without jurisdiction to entertain the suit because there was no proof that the suit was filed within 20 days after giving notice of appeal from the award of the Industrial Accident Board. We find no evidence in the record showing that the suit was filed within the 20 days other than the file mark on appellee's petition. The award was made on November 26, 1928. Notice of appeal from the award was given to the Industrial Accident Board on December 3, 1928. The petition herein to set aside said award was filed in the district court on December 13, 1928. The case was tried before the court, and we take it that he took cognizance of the file mark on the petition when presented to him, which showed the suit filed within the prescribed time.

The sixth and seventh propositions are based upon appellant's seventh assignment of error, which asserts that the court erred in awarding appellee compensation at the rate of $8.65 per week because there was no evidence in the record upon which such compensation could be based. The record discloses that appellee was working for Roy Jones, who was engaged in running a sawmill—manufacturing lumber. His job was tripping logs. He received $2.50 per day, and had worked only two days when he received his injury. The court found appellee's average weekly wage based only on the daily wage. There was no proof of what an employee of the same class as appellee, who had worked for substantially the whole of the year immediately preceding the injury in the same or similar employment, in the same or a neighboring place, earned. Article 8309, § 1, subsecs. 1, 2, and 3, prescribes how the average weekly wages shall be determined. Subsection 1 applies where the injured employee has

worked in the employment in which he was engaged when he received his injury for substantially the whole of the year immediately preceding the injury. Subsection 2 applies when the injured employee has not worked in such employment during substantially the whole of the year, but another employee of the same class has worked for substantially the whole of the immediately preceding year in the same or a similar employment in the same or a neighboring place. Subsection 3 applies when by reason of the shortness of the time of the employment of the injured employee, or of other employees engaged in the same or similar class of work in the manner and for the time specified in subsections 1 and 2, it is impracticable to compute the wages as defined in said subsections 1 and 2, and in that event provides that the average weekly wages shall be computed in any manner which may seem just and fair to the interested parties. Here appellee was working at a sawmill engaged in the manufacture of lumber. He had been working for only two days when he was injured. His average weekly wages could not be determined by subsection 1 of section 1 of article 8309. There is nothing in the evidence to show or to suggest that the average weekly wages of other employees engaged in the same or a similar class of work as appellee for substantially the whole of the immediately preceding year could not have been shown. There is nothing in the evidence to show or suggest that the sawmill operated by Jones was only a temporary affair, but, to the contrary, we take it sawmilling is generally known to be of a permanent nature, or at least to continue for a considerable time. We think that proof of what other employees of the same class as appellee, working at the same or similar work at Jones' sawmill, or in the neighborhood, could have been made. At least it is not shown but that such proof could have been made. That being true, resort to subsection 3 could not be had, and it was error for the court to find appellee's average weekly wages on the proof only of appellee's daily wages. Appellee cites us to the case of Texas Employers' Insurance Association v. Russell (Tex. Civ. App.) 16 S.W.(2d) 321, as authority for the court's action. That opinion was by this court. In the Russell Case the injured employee had worked for only about three or four weeks. The nature of the work being done by him was temporary—cutting a right of way for a power line. Under the facts in that case the average weekly wages of the injured employee could not have been found by either of the modes prescribed by subsections 1 or 2 of section 1 of article 8309, and, therefore, must have been ascertained by subsection 3 of section 1 of said article. Not so in the instant case. The nature of the work performed by appellee was such as proof of appellee's average weekly wages, we think,

could have been made in the manner prescribed by subsection 2—by showing the average weekly wages of an employee of the same class as appellee who had worked for substantially the whole of the immediately preceding year in the same or a similar employment in the same or a neighboring place.

The eighth and ninth propositions complain of the action of the court in awarding appellee compensation for 50 per cent. permanent partial disability, following 12 weeks of total disability. It is urged that this finding of the court is not supported by the evidence, but, to the contrary, is against the great weight and preponderance of the evidence. As the case will be reversed on other grounds, and as other evidence may be had on another trial, we will not discuss these assignments.

■ Appellant's tenth proposition is based upon its eleventh and fourteenth assignments of error. They assert that the court erred in awarding compensation to appellee for 50 per cent. permanent partial incapacity because, it contends, the pleading and the proof show that appellee's injury was limited to his ankle and did not in any way affect his general health, and because, if appellee has suffered 50 per cent. permanent partial disability, the compensation should be limited to 125 weeks, less the 12 weeks' total incapacity found by the court, being the time for which appellee would be entitled to compensation if he had lost his foot or leg below the knee. This contention is based on the idea that appellee's injury and its consequent result is confined to his ankle. We think that, if this was true, the contention would be correct and that section 12 of article 8306 would control, and that appellee could not recover compensation for more than 125 weeks, but if the injury to appellee's ankle resulted in injury to other portions of his body, or if the injury to the ankle resulted in a diseased or injured condition of his ankle to such an extent as that standing on the foot or lifting while standing or while moving about, caused pain and suffering to such an extent as to impair his ability to labor or stand the strain of labor and interfere with his capacity to perform labor of the character he had usually performed and for which he was fitted to secure and hold, then his right to compensation would not be limited under the law to the measure for the loss of a foot. Lumbermen's Reciprocal Association v. Anders (Tex. Civ. App.) 292 S. W. 265 (writ refused). Whether appellee's injury was confined in its effect to his leg and ankle, or whether the result of the injury caused his whole body to suffer, resulting in permanent partial incapacity, is a question of fact to be determined by the evidence. The court found against appellant's contention, but, as the case will have to be tried again, we refrain from expressing any opinion as to the sufficiency of the evidence to show whether the result of the injury was local to the foot and ankle only, or affected the whole body.

■ Appellant's eleventh proposition complains that the court erred in awarding appellee more than 300 weeks' compensation for partial incapacity, insisting that 300 weeks is the maximum time for which compensation can be awarded for partial incapacity. The court found that appellee had suffered permanent partial incapacity, and awarded him compensation for 389 weeks for same, this in addition to compensation for 12 weeks for total incapacity, making the total award for 401 weeks. We think the assignment must be sustained. Article 8306, § 10, Rev. St. 1925, provides compensation for total incapacity, and that in no case shall such compensation exceed 401 weeks from the date of the injury. Section 11 of said article provides compensation for partial incapacity, and that in such case compensation shall in no case exceed 300 weeks. It further provides that in no case shall the period of compensation for total and partial incapacity exceed 401 weeks from the date of the injury. It is believed that the court's judgment in the instant case, allowing compensation for 401 weeks for total and partial incapacity, was based on this last clause in article 8306, § 11, supra. If so, its interpretation was erroneous. This section recognizes that an employee might suffer both total incapacity, not permanent, and partial incapacity, either temporary or permanent. To meet this condition it provides for compensation for the total incapacity, not permanent, and also compensation for the partial incapacity, the period of compensation in such case for both incapacities combined not to exceed 401 weeks. However, the section had previously limited the period of compensation for partial incapacity to 300 weeks, so that in no event could compensation for partial incapacity be awarded for more than 300 weeks, and, in the event that the period of total incapacity, not permanent, be such that, when added to the 300 weeks allowed for partial incapacity, the result exceeded 401 weeks, then the period of partial incapacity, though permanent, must be correspondingly reduced from 300 weeks so as to bring the entire period of both incapacities to the 401 weeks so prescribed. And, if the period of total incapacity be such that, when added to the 300 weeks allowed for partial incapacity, the result is less than 401 weeks, then the whole period of compensation must be correspondingly less than 401 weeks. This is illustrated by the instant case. In the instant case the period of total incapacity was found by the court to be 12 weeks. The partial incapacity was found to be permanent, for which compensation for 300 weeks could be allowed. This added to the 12 weeks' total incapacity made 312 weeks for which, under the findings, compensation for both incapacities could be awarded. The award for partial

incapacity, being for more than 300 weeks, was error.

For the errors discussed, the judgment is reversed, and the cause remanded.