CASUALTY RECIPROCAL EXCHANGE v.
BERRY.
No. 4798.

Court of Civil Appeals of Texas. ·Texarkana.
Dec. 5, 1935.

Rehearing Denied Dec. 12, 1935.

E. C. Gaines, of Austin, for appellant.

White & Yarborough, of Dallas, for appellee.

HALL, Justice.

Appellee brought suit against appellant in the district court of Gregg county to set aside a decision of the Industrial Accident Board and for compensation insurance for injuries sustained by him on January 31, 1933, in the course of his employment with the Shore Line Refining Company of Kilgore, Tex. He alleged that on account of an explosion at the plant of the Shore Line Refining Company he received·accidental injuries ·and burns to his face, ears, nose, eyes, hands, and wrists, which directly and proximately resulted in total and permanent disability; and that the appellant was the insurer under the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.) of the employees of the Shore Line Refining Company. He alleged full compliance with the Workmen's Compensation Act with reference to notice of injury, filing of his claim with the Industrial Accident Board, and in instituting his suit to set aside the decision of the said board; and sought a lump sum recovery.

Appellant answered by general demurrer, general denial, and by a cross-action asked that the award of the Industrial Accident Board be set aside for the reason that the injuries received by·appellee

were temporary and superficial, and that there was no disability to appellee as a result of the accident entitling him to compensation. Appellant alleged, further, that it had paid to appellee the sum of $409.36 as compensation for his injuries from January 31, 1933, to July 12, 1933, and asked that it be given credit for that amount on any recovery by appellee.

Trial was had to a jury on special issues which were answered favorably to appellee. The court entered judgment for appellee in response to the jury's answers to the special issues, from which appellant prosecutes its appeal to this court.

■ Appellant's propositions 1 and 2, under assignments 3, 7, and 27, assert that the trial court committed error in permitting the appellee to prosecute his suit for compensation on a claim that had never been passed upon by the Industrial Accident Board. The contention by appellant is that appellee made claim before the Industrial Accident Board for an injury which occurred on January 31, 1933, and received an award therefor, but prosecuted his suit in the district court of Gregg county on a claim for an injury which occurred on December 31, 1933. This necessarily brings us to an examination of the original petition of the appellee upon which he went to trial. In the first paragraph of his petition appellee alleges that he sustained accidental injuries on or about January 31, 1933, while working in the course of his employment for the Shore Line Refining Company in Gregg County, Tex. In the second paragraph of his petition he alleges that the appellant was the insurer of the employees of the Shore Line Refining Company on January 31, 1933. In the third paragraph of the petition he alleges with particularity the injury as of date December 31, 1933, but concludes this paragraph as follows: "And under the Workmen's Compensation policy issued by defendant to the Shore Line Refining Company, the employer of plaintiff herein, he is entitled to compensation for a period of 401 weeks beginning on January 31, 1933."

Without repeating, it is found that the allegation of the date of injury or the date when compensation should begin is stated in said petition ten times as being January 31, 1933. All the testimony in the record with reference to the injury, notice of injury, claim for compensation before the Industrial Accident Board, refer to January 31, 1933, as the date of injury. The original petition of appellee and the answer of appellant in this suit were filed several months before December 31, 1933, and the only reference in the entire record to the date December 31, 1933, is at the beginning of paragraph 3 of appellee's original petition. We think it clearly appears from the petition as a whole that the injury for which compensation was sought was that of date January 31, 1933, and that the insertion of the date December 31, 1933, at the beginning of paragraph 3 of the original petition was a typographical error. Our conclusion in this matter is strengthened by the fact that the date of December 31, 1933, at the time it was inserted in appellee's petition, was an impossible date by several months; his original petition having been filed on July 19, 1933. In our opinion no one could be misled by this error of the typist, because, as said above, when the petition as a whole is looked to, one is convinced that the date of injury of the appellee was January 31, 1933. There was no special exception to this portion of appellee's petition, and certainly a general demurrer would not reach it; therefore, the typographical error in plaintiff's original petition was cured by the verdict of the jury. In Corpus Juris, vol. 49, p. 869, § 128, it is said: "It was early laid down as a rule of common law that, where there is any defect, imperfection, or omission in a pleading, whether of substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection, or omission is cured by the verdict; and this statement of the rule has been quoted or approved, or one substantially similar has been stated, in numerous cases."

And at page 883, § 1297 of the same volume, it is said: "If no time is alleged in the declaration, or if the time is misstated, or an impossible time is alleged, the defect will be cured by verdict or judgment. The cause of action must, however, be shown to have accrued before the commencement of the suit, and if it appears otherwise from the record, the defect is fatal, and is not cured by verdict."

See, also, Schuster v. Frendenthal, 74 Tex. 53, 11 S.W. 1051. Therefore, this contention of the appellant is respectfully overruled.

By its third proposition under assignments Nos. 4, 5, 8, 10, 11, 28, and 50, appellant insists that there was no competent and legal evidence of the existence of its compensation policy in force at the time of the accident, whether January 31, 1933, or December 31, 1933. To establish the existence of the policy of insurance issued to the Shore Line Refining Company by appellant, the appellee introduced in evidence a certified copy of said policy as filed with the casualty insurance commissioner, a certified copy of the notice from the employer to the Industrial Accident Board to the effect that it was insured by appellant, certified copy of notice of the cancellation of said insurance policy by the appellant, and certified copy of report of initial payment. As a predicate of the introduction of the certified copies of these instruments, appellee in his original petition gave notice to appellant to produce the originals, or secondary evidence would be resorted to in order to prove the contents of same. Appellant failed to produce the original insurance policy. We think this evidence was proper under the pleading of appellee giving notice to appellant to produce the original of said instrument and its failure to do so. Texas Employers' Ins. Ass'n v. Pierce (Tex.Civ.App.) 254 S.W. 1019; article 8307, § 5, R. S., as amended (Vernon's Ann.Civ.St. art. 8307, § 5). But of the fact that appellant had issued its policy of insurance covering the operatives of the Shore Line Refining Company there can be no doubt. Appellant in its answer, upon which it went to trial, alleged: "Defendant (appellant) further shows that it paid compensation to plaintiff (appellee) from January 31, 1933, to about July 12, 1933, in the sum of $409.36, for which it prays credit on any sum adjudged to plaintiff (appellee)."

We can conceive of no stronger admission of the fact that it had issued the policy to the employer of appellee than its allegation set out above. Moreover, the undisputed evidence shows that appellant had paid to appellee some $300 or $400 compensation before suit was filed. Texas Employers' Ins. Ass'n v. Varner (Tex.Civ. App.) 20 S.W.(2d) 334; Associated Employers' Reciprocal v. Brown (Tex.Civ. App.) 56 S.W.(2d) 483; Bankers' Lloyds v. Seymour (Tex.Civ.App.) 49 S.W.(2d) 508; Texas Employers' Ins. Ass'n v. Beckworth (Tex.Civ.App.) 42 S.W.(2d) 827; Texas Employers' Ins. Ass'n v. Jenkins (Tex.Civ.App.) 63 S.W.(2d) 563.

By appellant's fourth proposition, under assignments Nos. 6, 7, and 9, it contends that neither the Industrial Accident Board nor the district court had jurisdiction of this case, because there was no competent legal evidence that notice of injury was given within 30 days after the injury; that claim for compensation was filed with the Industrial Accident Board within 6 months after the injury; and that notice of appeal within 20 days was given after the award was made. The undisputed evidence shows that the officials of the Shore Line Refining Company had actual knowledge of appellee's injury the day of the accident, and that on February 11, 1933, some 12 days after the injury, appellant began paying compensation to appellee. The record further reflects that the Industrial Accident Board made its award on July 12, 1933, and on July 19, 1933, appellee filed his suit in the district court of Gregg county, the county where the injury occurred, to set aside said award. In our opinion, this showed sufficiently that the requirements of the statutes in regard to these matters had been fully met. Texas Employers' Ins. Ass'n v. Varner, supra.

Appellant contends, further, that appellee was injured as a direct result of his violation of positive written instructions of his employer, and for that reason should not recover in this cause. The record wholly fails to sustain this contention. As reflected by the record, the appellee was guilty of no act which would bring his injuries within any of the exceptions of article 8306, § 1, R.S. 1925; therefore, this contention is respectfully overruled.

Appellant's fourteenth assignment is as follows: "Because during the trial of this case, which began before a jury of twelve men duly sworn, one of the jurors was excused with the consent of the Court and with the consent of attorneys for both plaintiff and defendant, and the case was tried before the remaining eleven jurors, and when the verdict of the jury was returned into Court by said eleven jurors, defendant's attorney was not present, being at his hotel and without notice that the jury had returned its verdict until after said jury had been discharged, and said

598

verdict was not signed by each of the eleven jurors trying said case."

In order to properly understand the action of the trial court as related to this assignment, it will be necessary to note his qualification to the bill of exception from which the assignment is taken. The qualification is:

"The Court approves the foregoing Bill of Exception No. 1, with the following qualification, to-wit:

"It was agreed by both the attorneys of record for the plaintiff, E. O. Berry, and the attorneys of record for the defendant, Casualty Reciprocal Exchange, namely, E. C. Gaines, that said juror could be excused by the Court and that said cause proceed to trial with eleven jurors and that said jury would elect their own foreman and said foreman would sign the verdict as the foreman of the jury just the same as if twelve men were on the jury, and that it would not be necessary for all of the jurors to sign said verdict.

"This the 9th day of May, A. D. 1934.
　　　　"Renne Allred, Jr., Judge."

No exception being taken to this qualification, its correctness cannot now be assailed. It is admitted in said assignment that appellant's attorney agreed that the trial of the case could proceed with eleven jurors, and appellant's only complaint here is that the verdict was not signed by each of the jurors instead of one signing as foreman. Under the circumstances of this case, there was no error in this regard. The attorney for appellant agreed that the case should proceed with a jury of eleven men, and the requirement of the statute that all the eleven jurors sign the verdict has been held to be directory. Crosby v. Stevens (Tex.Civ.App.) 184 S.W. 705; Barker v. Ash (Tex.Civ.App.) 194 S.W. 465.

■ Appellant contends further that the court in his charge to the jury improperly placed the burden of proof on it. The first paragraph in the court's charge is: "This case is submitted to you upon the following special issues or questions, which you will answer from a preponderance of the evidence, that is, the greater weight and degree of credible testimony before you, without regard to the effect your answers may have upon the judgment in the case."

At the beginning of each special issue the court stated, "Do you find from a preponderance of the evidence," etc. We think there was no error in the action of the trial court in this regard. This method of submitting a case to the jury has been expressly approved by the Commission of Appeals in Federal Surety Co. v. Smith (Tex.Com.App.) 41 S.W.(2d) 210. A careful examination of the issues submitted by the court in his charge shows that he placed the burden of proof in each issue on the appellee.

We have carefully examined all other assignments brought forward in this record, and we feel that they have been sufficiently covered by our discussion herein, and they are respectfully overruled.

Finding no error in this record, the judgment of the trial court is in all things affirmed.