## ÆTNA CASUALTY & SURETY CO. v. WOOTTON.

### No. 3751.

Court of Civil Appeals of Texas. El Paso.
July 14, 1938.

Rehearing Denied Aug. 12, 1938.

Harry P. Lawther and Lawther & Cramer, all of Dallas, for appellant.

Shelby S. Cox, of Dallas, for appellee.

HIGGINS, Justice (after stating the case as above).

The evidence shows plaintiff has recovered from all of his injuries except to his wrist and knee. It is asserted the court erred in refusing appellant's requested peremptory charge because the evidence is insufficient to support the findings of partial permanent incapacity. It is true appellant's medical experts testified the plaintiff had entirely recovered from his injuries; but the jury was not bound to accept the testimony of such experts in view of the testimony of the plaintiff, which, to some extent, is corroborated by the medical experts. According to the testimony of the plaintiff he still suffers pain in his knee; it at times pops and is weak; at times his knee bends involuntarily causing him to fall. On account of this knee weakness and tendency to fall he is unable to do carpenter work on ladders, roofs and scaffolding. He also testified to a weakness in his left wrist which seriously impaired his capacity to labor. The weakness in his wrist disabled him for carpenter work about fifty per cent. On account of the condition of his wrist and knee he was not more than twenty-five per cent efficient and could not hold a job as a general carpenter.

Dr. J. H. Marshall, witness for appellant, testified he treated appellee in the hospital for a week or ten days, then treated him at home and then treated him in his office for some five or six months after January using infra-violet rays. At the end of the treatments the appellee complained of pain in the left wrist and fingers and there was some limitation of motion there; that upon the last and all other examinations appellee complained of pain and weakness and a grating feeling in his left knee; that the left knee was swollen and inflamed during a part of the electrial treatments; that there was quite a little injury to the left wrist and there was an inflammation there; that there was a probability that appellee has an arthritis in the knee and wrist; that such arthritis could be a permanent condition; that he quit giving the electrical treatments because, "It didn't seem like we were getting anywhere with the relief."

Dr. Joe McGuire, witness for appellant, testified that the general tendency is that in the vast majority of arthritic cases the condition is permanent and gets worse as the years go by.

The trial was in October, 1937, a little more than two years after plaintiff received his injuries. The testimony of the plaintiff, as above stated, raises the issue of partial permanent incapacity and supports the jury's findings as to such incapacity. According to Dr. Marshall's testimony it is probable that appellee has arthritis in the knee and wrist which could be a permanent condition. Dr. McGuire also testified that in the vast majority of arthritic cases the condition is permanent and gets worse as the years go by. The record here shows the injury to the wrist and knee has continued for more than two years, and from this fact and the testimony of Drs. Marshall and McGuire the jury might properly infer that the injury to the wrist and knee was permanent and would continue the remainder of plaintiff's life. The partial incapacity claimed by appellee was for injuries to specific members, namely, one leg and one hand. He claimed no incapacity from a general injury except a temporary one which had ended. The court, therefore, properly based appellee's compensation upon the provisions of Sec. 12 of Article

8306, R.S., rather than under the provisions of Sec. 11 of said article. Lumbermen's Reciprocal Ass'n v. Pollard, Tex. Com.App., 10 S.W.2d 982; Petroleum Cas. Co. v. Seale, Tex.Com.App., 13 S.W. 2d 364; Maryland Cas. Co. v. Donnelly, Tex.Civ.App., 50 S.W.2d 388; Fidelity Union Cas. Co. v. Munday, Tex.Com. App., 44 S.W.2d 926.

■ There was, therefore, no occasion for appellee to show the difference between his average weekly wage before the injury and his average weekly wage earning capacity now.

Plaintiff's testimony supports the answer made to issue No. 6. His testimony would have warranted a finding of an even greater percentage of incapacity than sixty per cent.

We have not undertaken to separately discuss appellant's various assignments and their supporting propositions. The conclusions stated above control all questions presented.

Affirmed.