## WHITE v. TEXAS INDEMNITY INS. CO.

### No. 8947.

Court of Civil Appeals of Texas. Austin.

May 15, 1940.

Walter C. Pierson, of Austin, for appellant.

Hart & Brown, of Austin, for appellee.

BLAIR, Justice.

This is a Workmen's Compensation case. Appellant, U. L. White, alleged that he was the employee; that Montgomery Ward & Company was the employer and insured; and that appellee, Texas Indemnity Insurance Company, was the insurer. The suit was an appeal from the award of the Industrial Accident Board, and was filed in the justice court, where appellant recovered a judgment for $91. Appellee, insurance company, appealed to the county court, where the trial to the court without a jury resulted in judgment denying appellant any recovery, upon the ground that he was not the employee of Montgomery Ward & Company at the time of his injury, but was the employee of P. J. Hill, who had an independent contract with Montgomery Ward & Company to furnish a truck and labor to deliver from the store merchandise sold by the store to purchasers in Austin.

The evidence was without dispute that P. J. Hill was an independent contractor, and that appellant was his employee. This appellant concedes, but contends that the undisputed evidence showed him to be the "special employee" of Montgomery Ward & Company at the time he received his injury; and that he therefore comes within the rule that "where one master lends or hires his servant to another for a particular employment, the servant in that employment must be dealt with as a servant of the master to whom he is hired or lent, although he remains a general servant to the person who hired or lent him." Judson & Little v. Tucker, Tex.Civ.App., 156 S.W. 225; Maryland Cas. Co. v. Donnelly, Tex.Civ.App., 50 S.W.2d 388. He predicates this proposition upon his own testimony and that of C. L. Hyltin, manager of the plumbing department of Montgomery Ward & Company. Appellant testified: "On September 13, 1938, I was working for Mr. P. J. Hill as a helper on his delivery truck. Mr. Hill was engaged in delivering, from Montgomery Ward & Company's store at Austin, goods sold by the store to be delivered at the addresses of the purchasers. I had been working as a helper on this truck since about the 1st of June, 1938. Mr. Hill paid me $4.00 a week. On September 13th, I was in the Montgomery Ward & Company's warehouse at Austin. Certain plumbing equipment had been sold by the store and was

to be delivered by the truck. Mr. Hyltin, manager of the plumbing department at the store, told me to move a large tractor wheel which was in the warehouse in order to get to the plumbing equipment which was to be placed in the truck for delivery. While I was engaged in moving the tractor wheel, it slipped and fell across my right foot, breaking a bone in my foot."

Hyltin testified: "The contract required P. J. Hill to furnish a truck and driver and such assistance as was needed in making the deliveries. This contract between the store and Hill was made several years prior to September 13th, 1938. Hill employed his own labor for operation of the truck. I had no control over Hill or his employees. I merely told Hill what articles had been sold and were to be delivered. He and his employee loaded these articles on the truck and made the deliveries. U. L. White had been working for Hill, as a helper on the truck, for several months prior to September 13, 1938. On the date of the injury, I showed U. L. White the plumbing fixtures which were to be delivered, and told him to move the tractor wheel out of the aisle so that he could load the fixtures on the truck. I had informed the driver of the Hill truck that certain plumbing articles had been sold and were to be delivered."

The only other testimony was that of appellant to the effect that in his employment with Hill he was required to do such work as unpacking merchandise, stacking stoves and other merchandise, cleaning the aisles and keeping them clear, and helping to make deliveries on the truck, and doing such other similar work as he might be required to do by his employer.

The evidence does not show appellant to be the special employee of Montgomery Ward & Company at the time he received his injury. The manager of the company merely pointed out the fixtures that were to be delivered and told him to move another piece of merchandise in order that the fixtures sold could be loaded for delivery. This did not assume direction or control over the employee of Hill, because he could have so directed Hill himself to move the other piece of merchandise to facilitate the loading and delivery of the merchandise sold. Such direction to Hill or to his employee was necessary in order to obtain the results of the agreement and to require Hill to deliver the merchandise

sold by the company. And from the facts stated the trial court could have reasonably concluded, if he was not as a matter of law required to do so, that Hyltin, the manager, was merely pointing out the merchandise which appellant as an employee of Hill was to deliver, which required that he remove from the aisle the piece of merchandise that fell on his foot. There is nothing in the testimony which would indicate that the manager of Montgomery Ward & Company attempted to control the employee in the performance of this labor, but at most merely directed that removal of the piece of machinery from the aisle would facilitate the handling of the piece of merchandise to be delivered.

We find no error in the judgment of the trial court, and it will be affirmed.

Affirmed.